UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

   Angel Ramon Rodriguez,                                Bankruptcy Case No. 21-20084-PRW
                                                                    Chapter 7

                           Debtor.
_____

**DECISION AND ORDER
DENYING MOTION TO REOPEN**

PAUL R. WARREN, U.S.B.J.

      Northeast Property Management of Rochester, LLC has moved to reopen this Chapter 7 case under 11 U.S.C. § 350(b), to obtain a "comfort order" declaring that its proposed steps to enforce a state court judgment, ordering specific performance of a real estate sale contract, will not violate the discharge injunction granted to the Debtor under § 524 of the Code. (ECF No. 24 ¶ 3). The property at issue is no longer property of the estate, by operation of § 554(c) of the Code. No bankruptcy purpose would be served by reopening this case. At issue is a pre-petition state court judgment ordering specific performance of a real estate sale contract. (ECF No. 24-2 at 30-33).

      The Court could simply deny the motion as procedurally flawed—under Rule 7001(9) FRBP a request for a declaratory judgment must be sought by commencement of an adversary proceeding. The dispute anticipated by Northeast concerns the enforcement of the state court's judgment directing specific performance of a real estate sale contract, and the effect (if any) of the bankruptcy discharge on that judgment. (ECF No. 24 ¶ 13). Of course, the state court has concurrent jurisdiction to determine the effect of this Court's discharge order on third parties. *In re Palumbo*, 556 B.R. 546, 551-53 (Bankr. W.D.N.Y. 2016) (Warren, J.). Northeast can seek further direction from the state court that granted the Order ultimately at issue. For that reason, the Court finds that

Northeast has failed to demonstrate cause to reopen this case under 11 U.S.C. § 350(b). Additionally, and alternatively, the Court exercises its discretion to permissively abstain from hearing the matter under 28 U.S.C. § 1334(c)(1), in the interest of justice and in the interest of comity with the state court. Northeast's motion to reopen is **DENIED**.

# I.
# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1). This is a core proceeding under § 157(b)(2)(A).

# II.
# ISSUE

The issue is whether Northeast has demonstrated cause to reopen this closed no-asset case, under 11 U.S.C. § 350(b), for the purpose of obtaining a comfort order determining the scope of the bankruptcy discharge. The answer is no.

# III.
# FACTS

In March 2020, Mr. Rodriguez entered into a contract for the sale of real property located at 41 Northaven Terrace, Rochester, New York. (ECF No. 24-2 at 15-24). Something went wrong with the sale because, in August of that year, Northeast commenced an action against Mr. Rodriguez in state court seeking a judgment for specific performance of the real estate contract. (*Id.* at 8-13). On January 4, 2021, the state court granted a Judgment and Order in favor of Northeast,

directing Mr. Rodriguez to perform under the real estate contract. (*Id.* at 30-33). The Order was entered January 4, 2021. (*Id.*). The state court directed that the real estate closing take place on February 19, 2021. (*Id*. at 31). The state court's Order is far-ranging and includes many forms of relief concerning the steps necessary to put Northeast in title to and possession of the real property. (*See id.* at 30-33). Mr. Rodriguez filed this Chapter 7 case on February 12, 2021, and listed the real estate as an asset. (ECF No. 1, Sch. A/B). Neither Mr. Rodriguez nor Northeast took any affirmative action concerning the state court Order directing specific performance during the pendency of the bankruptcy case. The Chapter 7 case was administered as a "no asset" case. On May 27, 2021, Mr. Rodriguez was granted a discharge. (ECF No. 17). Less than a month later the case was closed. (ECF No. 19).

Approximately nine months after the case was closed, Northeast filed a motion to reopen this case for the purpose of obtaining a "comfort order."[1] (ECF Nos. 21, 24, 25). While Northeast describes the relief it seeks as a "comfort order," the relief requested amounts to a declaratory judgment determining that enforcement of the state court Order directing specific performance of the real estate contract will not violate the bankruptcy discharge. (ECF No. 24 ¶ 3). Counsel for Northeast stated at oral argument that any effort to proceed with enforcement of the state court's Order would be met with a motion to hold Northeast in contempt.

---

[1] Even though the motion was not opposed the Court takes seriously its obligation to carefully review all requests for relief—despite the absence of opposition.

# IV.

# DISCUSSION[2]

The Bankruptcy Code vests bankruptcy courts with discretion to determine whether to reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). In assessing whether "cause" exists to reopen a closed case, courts may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations. The factors the Court may consider include:

(1) the length of time that the case was closed;

(2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case;

(3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum;

(4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen;

(5) the extent of the benefit to the debtor by reopening; and

(6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen.

Here, the second and fourth factors are determinative.

---

[2] Substantial portions of the discussion are taken from this Court's prior decisions in *In re Palumbo*, 556 B.R. 546 (Bankr. W.D.N.Y. 2016) and *In re Christensen*, Case No. 09-20299-PRW, 2015 Bankr. LEXIS 3506 (Bankr. W.D.N.Y. Oct. 16, 2015). In particular, this Court's decision in *Palumbo* provides an in-depth discussion of the factors the Court may consider when determining whether "cause" exists to reopen a closed case. That thorough discussion is instructive here. In the interest of judicial economy and for ease of reading, the Court notes that, unless otherwise indicated, the discussion in this decision is taken in whole or in part from *Palumbo* and the cases it cited. For an in-depth discussion of the relevant factors, the Court directs the parties to that decision and the myriad cases cited—particularly with regard to concurrent jurisdiction and permissive abstention.

4

### A. The State Court Has Jurisdiction to Determine the Scope of the Bankruptcy Discharge.

The bankruptcy court has exclusive jurisdiction to determine the dischargeability of intentional tort debts. 11 U.S.C. § 523(c)(1). However, the jurisdiction to determine the scope of a bankruptcy discharge is otherwise held concurrently by the bankruptcy court and the state courts.

> The New York Court of Appeals has long recognized that the State Courts have "the power, subject to statutory exception, to determine the effect of a [bankruptcy] discharge." *State v. Wilkes*, 41 N.Y.2d 655, 657, 363 N.E.2d 555, 394 N.Y.S.2d 849 (N.Y. 1977) (citing *Chevron Oil Co. v. Dobie*, 40 N.Y.2d 712, 714, 358 N.E.2d 502, 389 N.Y.S.2d 819 (N.Y. 1976) (holding "a State court has an inescapable obligation to interpret and apply the Federal statute")). "The court in *Dobie*, however, enunciated two other legal principles that remain a vital part of this State's jurisprudence. The first is the general principle that New York state courts have concurrent jurisdiction with federal courts to interpret the Bankruptcy Code. *The second is the proposition that New York state courts have the authority to determine the effect of a debtor's discharge in bankruptcy on third parties* . . . ."

*Palumbo*, 556 B.R. at 551-53 (emphasis in original) (some citations omitted).

The state court has the jurisdictional authority to determine the effect of the bankruptcy discharge on the state court's Order directing specific performance. The state court Order is far-ranging in its scope and affords a variety of forms of relief under state law. Whether any form of relief ordered by the state court might run afoul of the bankruptcy discharge is a question best left to the court that issued the specific performance Order. The Court finds that this factor weighs heavily against granting the relief sought by Northeast.

### B. No Party Will Be Prejudiced By Denial of the Motion to Reopen.

It is appropriate for the Court to evaluate the underlying merits of a proposed motion in considering whether cause has been demonstrated to support a motion to reopen. *In re Christensen*, Case No. 09-20299-PRW, 2015 Bankr. LEXIS 3506, at *8-9 (Bankr. W.D.N.Y. Oct. 16, 2015). Here, the Court turns its attention to Northeast's underlying motion seeking a "comfort order."

5

Northeast's ultimate goal is to obtain a judicial determination of its rights under the state court's Order, in light of the bankruptcy discharge. (*See* ECF No. 24, ¶ 14).

The state court has concurrent jurisdiction to determine the effect of the bankruptcy discharge on its Order granting specific performance of the parties' real estate contract. The state court is in the best position to determine whether the Order can stand as entered, or whether it must be modified to comport with the bankruptcy discharge. After all, the real property has been abandoned back to Mr. Rodriguez, so the bankruptcy court has no further jurisdiction over or interest in that property. 11 U.S.C. § 554(c). Both Northeast and Mr. Rodriguez can appear before and be heard by the state court to seek further relief in that court. This two-party dispute is best resolved by the state court.

## C. **Permissive Abstention Is Warranted.**

The Court is vested with discretion to permissively abstain from hearing the underlying issue "in the interest of justice, or *in the interest of comity with State courts* or respect for State law." 28 U.S.C. § 1334(c)(1) (emphasis added). The Court may, in the exercise of its discretion, permissively abstain based on one or more of the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden [on the court's] docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Palumbo*, 556 B.R. at 553-54.

Here, the Court finds that the first, second, fourth and sixth factors weigh in favor of permissive abstention. First the estate has been fully administered. (ECF No. 15). A no-asset report has been filed and the case has been closed. (ECF No. 19). The real property at issue has been abandoned to Mr. Rodriguez. 11 U.S.C. § 554(c). The issue concerning enforcement of the state court's Order directing specific performance has no connection to administration of the estate. Second, issues of state law predominate here. The only bankruptcy issue is the scope of the bankruptcy discharge, an issue over which the state court has concurrent jurisdiction. *Palumbo*, 556 B.R. at 551-53. Third, there is a related proceeding in state court that predated the commencement of this Chapter 7 case. (ECF No. 24-2). And, it is the final Order entered in that action that is or will be at center stage in the incipient fracas between the parties. (*See id.* at 30-33). Finally, the issue for which Northeast seeks to find an answer has only the remotest connection to the now-closed bankruptcy proceeding. The issues raised by the state court's Order involve state law claims and non-estate property. (*See id.*). The dispute is two-partied, with no impact on the other creditors in the bankruptcy case. Ultimately, it is for the state court to determine the extent to which the bankruptcy discharge impacts its Order granting specific performance.

The Court finds that—in the exercise of its discretion—and in the interest of comity with the state courts, permissive abstention is warranted under 28 U.S.C. § 1334(c)(1).

## V.

### CONCLUSION

Northeast Property has failed to demonstrate cause to reopen this bankruptcy case under 11 U.S.C. § 350(b). The state court has concurrent jurisdiction to determine the scope and affect of the bankruptcy discharge and its effect, if any, on the Order directing specific performance of the parties' contract. Further, the Court finds it appropriate to exercise its discretion and permissively

7

abstain under 28 U.S.C. § 1334(c)(1). Northeast Property's motion to reopen, under 11 U.S.C. § 350(b), is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 26, 2022  /s/
      Rochester, New York  **HON. PAUL R. WARREN**
United States Bankruptcy Judge